UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**MICHAEL COLEMAN,**

    **Petitioner,**

                                                Case No. 1:02-cv-467
**v.**                                               Hon. David W. McKeague

**ROBERT KAPTURE, et al.,**

    **Respondents.**

_____/

**REPORT AND RECOMMENDATION**

Petitioner, a prisoner currently incarcerated at a Michigan correctional facility, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**Background**

Petitioner Michael Coleman is incarcerated with the Michigan Department of Corrections ("MDOC") and currently is housed at the Kinross Correctional Facility in Kinchloe, Michigan.[1] The factual basis of Petitioner's claim is difficult to decipher. Petitioner apparently bases his claim on the following event:

> That on the date of   /  /2001[sic], this petitioner was scheduled for a Misconduct hearing interview hearing and upon the outcome of the Hearing board members decision, which was received in the Office of Policy and Hearings on November 3, 2000.  this petitioner, will receive a term of Continuance, of incarceration due to the unlawful deduction of Good Time Credits Taken from this petitioner, making a consideration for release in,   /  /200 [sic], Instead of   /  / 2003

---

[1] Petitioner filed his habeas petition in the Eastern District of Michigan . *See* docket no. 6. The court ordered a respondent to file a response. *Id.* Respondent filed his answer and the Rule 5 materials on April 18, 2002. *Id.* The case was subsequently transferred to the Western District. *See* docket no. 1.

> [sic], Further the Administrator of Office and Policy and hearing for the Corrections department, Richard B. Stapleton Stated:
>
>> The exclusive means of appealing a hearing officers decision from a Major Misconduct hearing is the request for the Rehearing Process. Your Request for Rehearing in this matter of February 1, 1999, hearing decision on the charge of Disobeying a Direct order was <u>Disapproved and returned to you on April 7th 1999, I find NO basis to reconsider your appeal at this time Sincerely Michigan</u> Department of Corrections, See November 13 2000 Exhibit omitted.

Petition at 3-4. (Emphasis in original.)

The petition appears to contest a misconduct interview from an undisclosed day in the year 2001. The misconduct interview refers to a rehearing or some other action on February 1, 1999. The Rule 5 materials do not contain any record of this misconduct interview. In addition, petitioner refers to a document dated November 13, 2000, which petitioner chose to omit from his petition. The November 13th document does not appear in the Rule 5 materials, which consist of petitioner's institutional file records maintained by the MDOC. Docket no. 14. The 19-page petition includes rambling arguments that the MDOC has been "knowingly, willfully, arbitrarily and summarily depriving this petitioner his special goodtime allowance," and has taken his allowance "without the requisite finding of the proper [standard] of MCL 800.33(12)" and without a proper hearing under *Wolf v. McDonnell*, 418 U.S. 539 (1974).

Petitioner appears to argue that respondent lacks the authority under state law to deprive him of accumulated good time credits, although it is not entirely clear whether petitioner is referring to "special good time" or "regular good time." The cited statute, MCL § 800.33(12), provides for the granting of special good time allowances:

> The warden of an institution may grant special good time allowances to eligible prisoners who are convicted of a crime that is committed before April 1, 1987. Special good time credit shall not exceed 50% of the good time allowances under the schedule in subsection (2) [MCL § 800.33(2)]. Special good time shall be awarded for good conduct only and shall not be awarded for any month in which a prisoner has been found guilty of a major misconduct.[2]

In addition, petitioner vaguely contends that he was entitled to an unbiased decisionmaker, but does not suggest any particular proceeding in which he was denied an unbiased decisionmaker or any facts to suggest bias.

## Discussion

Before the court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971) (*cited by Duncan v. Henry*, 513 U.S. 364, 365 (1995) and *Anderson v. Harless*, 459 U.S. 4, 6 (1982)). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

---

[2] Under Michigan law, the awarding of "special good time" is at the discretion of the warden. *See* MCL 800.33(5); *Moore v. Hofbauer*, 144 F.Supp.2d 877, 883 (E.D. Mich. 2001).

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Here, petitioner has not exhausted his claim because he has at least one available procedure by which to raise the issues he has presented in this application. A misconduct conviction results in the loss of good-time credits, which is equivalent to a loss of a "shortened prison sentence." *See Wolff v. McDonnell*, 418 U.S. 539, 556-57 (1974). A challenge to a "shortened prison sentence" is a challenge to the fact or duration of confinement that is properly brought as an action for habeas corpus relief. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

Under Michigan law, a prisoner may seek a rehearing of a decision made by the Hearings Division. MCL § 791.254; Policy Directive 03.03.105, ¶ X. The rehearing request must be made within thirty days after the final decision or order is issued. MCL § 791.254(3). Based on petitioner's allegations, he arguably sought a belated rehearing on a February 1999 misconduct charge. Petitioner does not appear to raise a specific claim arising out of that February misconduct, but instead suggests that some or all of his misconduct hearings have been defective.

Following an adverse determination on rehearing, a prisoner may seek judicial review in the circuit court. *See* MCL § 791.255 (providing right to judicial review and requiring that prisoner must "file a motion or application for rehearing in order to exhaust his or her administrative remedies before seeking judicial review of the final decision or order."). Petitioner nowhere indicates that he sought to appeal any decision to the circuit court. *See* Pet. at 5; *see also* MCL § 791.255(2); Policy Directive 03.03.105, ¶ AA (concerning appeal). If a prisoner is unsuccessful in the circuit court, he could then apply for leave to appeal to the Michigan Court of Appeals and Michigan

4

Supreme Court. *See* M.C.R. 7.203(B); 7.302. Petitioner makes no representations that he sought review in any Michigan court.

To the extent petitioner complains of his February 1999 misconduct hearing, state court review may be barred both by failure to seek rehearing and by failure to file an application for review within 60 days. *See* MCL § 791.255(2). However, petitioner may yet be able to file a state writ of habeas corpus. Under Michigan law, a writ of habeas corpus may be brought to inquire into the cause of detention. MCL § 600.4307. While Michigan law provides that a state habeas action may not be brought by "[p]ersons convicted, or in execution, upon legal process, civil or criminal," MCL § 600.4310(4), courts have held that this exception does not preclude an action to test the authority of the MDOC to continue a prisoner's incarceration where the prisoner concedes that he was validly convicted and sentenced. *Cross v. Department of Corrections*, 303 N.W.2d 218, 220-21 (1981). *See also Caley v. Hudson*, 759 F. Supp. 378, 380-81 (E.D. Mich. 1991) (holding that where a petitioner is not challenging his conviction or initial sentence, but is otherwise testing the legality of his detention, state habeas corpus procedures are fully available to him, notwithstanding 600.4310). Because petitioner is attacking the loss of good time credits which resulted from a major misconduct conviction rather than his underlying criminal conviction, he is not barred from seeking the issuance of a state writ of habeas corpus. The Michigan Supreme Court has long permitted state writs of habeas corpus regarding good time credits in relation to prison misconducts. *See Robinson v. Gries*, 277 Mich. 15, 268 N.W. 794 (Mich. 1936); *In re Walsh*, 87 Mich. 466, 49 N.W. 606 (Mich. 1891). The state courts should have a full and fair opportunity to cure any constitutional infirmities in petitioner's misconduct conviction. *See Brewer v. Dahlberg*, 942 F.2d 328, 340 (6th Cir. 1991).

This court has often stated the principle that a federal habeas petitioner must give the state courts an opportunity to resolve the petitioner's constitutional issues. Here, petitioner has entirely bypassed the state judicial system. As a result, there are no lower court decisions, findings of fact or conclusions of law for this court to review. It is not the function of this court to perform an initial judicial review of each MDOC decision which results in the alleged loss of good time credits. Petitioner has at least one available state remedy in which to exhaust his claims. Accordingly, his federal habeas petition should be dismissed without prejudice. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982).

## Recommendation

I respectfully recommend that petitioner's habeas petition be dismissed without prejudice. Rule 8, Rules Governing § 2254 Cases in the United States District Courts.

Dated: May 5, 2005              /s/ Hugh W. Brenneman, Jr.
                                Hugh W. Brenneman, Jr.
                                United States Magistrate Judge


ANY OBJECTIONS to this Amended Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).